IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LEONARD DJUAN ROSS | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-413 |
| JIM MIDDLETON, U.S. ATTORNEY, *et al.*, | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Leonard Djuan Ross, an inmate currently confined at the McConnell Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this *Bivens*-type action[1] against Defendants Jim Middleton, U.S. Attorney, David Dobbs, Smith County Prosecutor, the Federal Government, 7th District Court Judge, and the Smith County Prosecutor Office.

The above-styled action was referred to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Procedural Background

Plaintiff filed the above-referenced complaint on August 9, 2021 (doc. # 1). Plaintiff sues the Defendants for breach of a non-prosecution agreement he claims was made in October 1996 between him, U.S. Attorney Jim Middleton and the Smith County District Attorney Dave Dobbs. The undersigned entered an Order to Replead and Plaintiff confirmed it was his intent to sue the Defendants under *Bivens* for a breach of the non-prosecution agreement (doc #s 4 & 6).

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

<u>Standard of Review</u>

28 U.S.C. § 1915A states the following:

(a) Screening.-- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.-- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably

to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.,* 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

## Discussion & Analysis

Plaintiff complains the Defendants have breached a non-prosecuting agreement between Plaintiff and the U.S. Attorney and District Attorney. This is, in essence, a claim for a breach of contract. "A breach of contract claim, however, provides no basis for a *Bivens* action." *See Arnold v. Dodge*, 15-CV-1727, 2015 WL 7681248, *1 (W.D. La. Oct. 15, 2015) (citing *Silva v. Bureau of Prisons*, No. 3:04-CV-0452-N, 2004 WL 1553471, *4 (N.D. Tex. July 12, 2004), report and recommendation adopted, No. 3:04-CV-452-N, 2004 WL 1732354 (N.D. Tex. Aug. 2, 2004)). "Such a claim simply alleges no deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. A breach of contract does not rise to the level of a constitutional violation." *Id*.

The Supreme Court has recently admonished courts in extending the application of *Bivens* to any new set of facts. *See Davis v. U.S. Marshals Service*, 849 F. App'x 80, 86 FN 2 (5th Cir. 2021) (citing *Cantu v. Moody*, 933 F.3d 414, 421-22 (5th Cir. 2019) (citing *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017)). Following this admonition, this court declines to do so here.

## Recommendation

Plaintiff's *Bivens*-type action for breach of contract should be dismissed for failure to state a claim and as frivolous.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 27th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge