IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LEONARD DJUAN ROSS | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-413 |
| JIM MIDDLETON, U.S. ATTORNEY, *et al.*, | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Leonard Djuan Ross, an inmate currently confined at the McConnell Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this *Bivens*-type[1] action against Defendants Jim Middleton, U.S. Attorney, David Dobbs, Smith County Prosecutor, the Federal Government, 7th District Court Judge, and the Smith County Prosecutor Office.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends dismissing this civil action for failure to state a claim and as frivolous [Dkt. 19].

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge [Dkt. 24]. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff sues the Defendants for breach of a non-prosecution agreement. The magistrate judge recommended dismissing this civil action as this claim is, in essence, a claim for breach of contract which provides no basis for a *Bivens* action and does not rise to the level of a constitutional

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

violation. *See Arnold v. Dodge*, 15-CV-1727, 2015 WL 7681248, *1 (W.D. La. Oct. 15, 2015) (citing *Silva v. Bureau of Prisons*, No. 3:04-CV-0452-N, 2004 WL 1553471, *4 (N.D. Tex. July 12, 2004), report and recommendation adopted, No. 3:04-CV-452-N, 2004 WL 1732354 (N.D. Tex. Aug. 2, 2004)). Plaintiff's objections are hard to discern. Giving them the most liberal construction, it appears Plaintiff now argues he was denied due process as the Defendants failed to provide him a hearing on his allegation that the Defendants breached the non-prosecution agreement. Plaintiff provides no details regarding the criminal proceedings he complains of and how, specifically, the Defendants could have denied him any such hearing. Regardless, Plaintiff's claims here are still frivolous and fail to state a claim. This court will not extend the application of *Bivens* to any new set of facts. *See Davis v. U.S. Marshals Service*, 849 F. App'x 80, 86 FN 2 (5th Cir. 2021) (citing *Cantu v. Moody*, 933 F.3d 414, 421-22 (5th Cir. 2019) (citing *Zigler v. Abbasi*, 137 S.Ct. 1843, 1857 (2017))).

## ORDER

Accordingly, the findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is ADOPTED. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 6th day of April, 2023.**

Michael J. Truncale
United States District Judge

2